**KENNY v. STARNES et al.**

No. 4988.

Court of Civil Appeals of Texas.

El Paso.

Feb. 3, 1954.

Rehearing Denied March 10, 1954.

H. L. Adkison, Dallas, for appellant.

Frank Cusack, Dallas, for appellees.

McGILL, Justice.

This was a suit for a declaratory judgment and temporary injunction, which was granted by the trial court.

Appellees were plaintiffs in the trial court and appellant was defendant. The appellee G. P. Starnes and 304 others alleging that each was the owner of one share of stock of the Postal Employees Mercantile Company, Inc., Dallas, Texas, a private corporation, of the value of $15; that all of the capital stock had been fully paid for in cash; that the defendant H. E. Kenny, Jr., was assignee for the benefit of creditors of said Postal Employees Mercantile Company, Inc.; that he and the officers and directors of said corporation had been endeavoring to procure a contractual agreement with the shareholders of the corporation for a voluntary assessment for the benefit of the creditors against each shareholder in the approximate sum of $25 for each share owned; that a majority of the shareholders had declined to accept such voluntary assessment; sued the defendant H. E. Kenny, Jr., assignee, alleging that he and the officers and directors of said corporation had engaged in a course of conduct calculated and intended to coerce, intimidate and frighten the shareholders of the common stock of said corporation into agreeing to such voluntary assessment, and in furtherance of such campaign of coercion had filed ten suits separately against individual shareholders in Justice Court, Precinct No. 1, Place No. 2, Dallas County,

Texas, said suits being numbered consecutively 29,616 through 29,625, wherein Kenny sought to collect from the defendants in such suits the sum of $24.92 as an assessment against each shareholder. Plaintiffs further alleged that there was no liability of such shareholders for such assessment on their fully paid capital stock, and sought a declaratory judgment to this effect. The plaintiffs further sought in order to avoid a multiplicity of suits and to prevent prosecution of the suits filed in the Justice Court, a temporary injunction restraining and enjoining defendant, Kenny, Assignee, his agents, attorneys, successors and assigns from prosecuting the aforesaid suits in Justice Court Precinct No. 1, Place 2, of Dallas County, Texas, and from filing any other suits of like kind and character against any shareholder of the Postal Employees Mercantile Company, Inc., and from taking any other and further action in said suits other than dismissing same.

The defendant specially excepted to plaintiffs' petition on several grounds, and further answered by general denial. Trial to the court resulted in the judgment indicated.

Appellant has presented two points on which he seeks a reversal: First, that the court should not have granted the temporary injunction because plaintiffs' petition does not state a cause of action; and, second: The court should not have granted the order that was entered because it does not state the reason for granting such order.

■■■ Under his first point appellant contends that since it appears that the cause or causes of action alleged by plaintiffs had accrued and ten suits had been filed thereon by appellant in the Justice Court, appellees stated no cause of action for declaratory relief. This is true. Southern Traffic Bureau v. Thompson, Tex.Civ.App., 232 S.W.2d 742, w. r. n. r. e.; Joseph v. City of Ranger, Tex.Civ.App., 188 S.W.2d 1013, w. r. w. m. However, as above stated, appellant also sought injunctive relief in order to prevent a multiplicity of suits and prose-

cution of the ten suits already filed in the Justice Court. This is a well-recognized ground of equitable jurisdiction. 24 Tex. Jur. p. 108, Sec. 76. The fact that the suits were against different shareholders we think immaterial. They arose from a common source, and depend for their decision upon a single point. We overrule this point.

■■■ Rule 683, Texas Rules of Civil Procedure, provides that every order granting an injunction shall set forth the reasons for its issuance. The order issued in this case sets forth no reason for its issuance. It does indicate that there is no liability of the stockholders for assessment on their shares of stock because it enjoins the defendant from filing further or other suits against any of the plaintiffs wherein such liability is sought to be established, and from in any other manner attempting to enforce any assessment against plaintiffs or either of them by reason of their ownership except in this cause. If the question were original with us we should be inclined to hold that the provision of Rule 683 that the order shall set forth the reasons for its issuance is directory and not mandatory, and not ground for reversible error where the reasons for granting the order have been fully disclosed to the parties at the hearing. However, the Court of Civil Appeals at Austin, in the case of Hodges v. State, 198 S.W.2d 150, and the Court of Civil Appeals at Waco in the case of Crouch v. Crouch, 164 S.W.2d 35, have held to the contrary. The case of O'Daniel v. Libal, 196 S.W.2d 211, by the Waco Court of Civil Appeals on which appellee relies is clearly dicta on this point since in that case the court amended its order so as to state the reasons for its issuance. We therefore are constrained to follow the decisions of the Austin and Waco Courts of Civil Appeals and hold that the failure to include in the order the reasons for issuing it is fatal, and that for this reason the case must be reversed and the cause remanded. It is so ordered.

Reversed and remanded.