**H. E. KENNY, Jr., Assignee, Appellant,**

**v.**

**G. P. STARNES et al., Appellees.**

No. 3249.

Court of Civil Appeals of Texas.

Waco.

April 7, 1955.

Rehearing Denied April 28, 1955

H. L. Adkison, Dallas, for appellant.

Frank Cusack, Dallas, for appellees.

TIREY; Justice.

This is an appeal from an order granting a summary judgment in behalf of plaintiffs. It is the second appeal. See Kenny v. Starnes, Tex.Civ.App., 265 S.W.2d 639 (n. r. e.).

The judgment is assailed on three points. They are substantially: (1) the court erred in entering summary judgment for plaintiffs and issuing permanent injunction against defendant and cross-plaintiff because the evidence, pleadings and admissions on file tendered issues of fact; (2) because plaintiffs' petition prayed only for a declaratory judgment and for the enjoining of defendant from prosecuting or filing suits in the Justice Court; and because plaintiffs' petition does not state a cause of action for declaratory judgment; and (3) because the court adjudged the costs of the former appeal in this cause. We overrule each of these contentions.

Plaintiffs went to trial on their original petition and their trial amendment, which were the same pleadings on which the former cause was tried. Defendant went to trial on his second amended answer and cross-action filed July 6, 1954. It contains two exceptions but the record shows no action thereon. The mandate from the 8th Court of Civil Appeals at El Paso was filed with the Clerk of the District Court in May, 1954, and in the same month plaintiffs filed their motion for summary judgment, duly sworn to, and the court set it for hearing on the 3rd of June, 1954. Appellant made no reply to the motion for summary judgment, but on July 6, 1954 he

filed his second amended answer and cross-action. This pleading was not sworn to.

The parties stipulated that "on the 4th day of August, 1954, at the time the plaintiffs' Motion for Summary Judgment was heard by the Honorable Court, that this case was at that time on the jury docket, same having been placed on the jury docket on May 7, 1953 and that on said August 4, 1954 the said case had not been set down for trial on its merits."

On April 17, 1954, appellees filed their request for admissions and defendant seasonably answered such request. The parties further stipulated that the Statement of Facts covering the evidence adduced at the former trial be filed as the Statement of Facts in this cause, and further stipulated to the effect that there are certain plaintiffs named in the plaintiffs' trial amendment on file that differ in spelling or their initials from the list of the stockholders and that there are certain other plaintiffs not included in the stockholders as delivered to the defendant assignee and of the total 305 plaintiffs, 38 such individuals are named as co-plaintiffs and in addition there are three of the co-plaintiffs who have previously paid the assessment in full to the assignee. It is also agreed that any injunctive relief that may be granted would necessarily be on behalf of the plaintiffs as they are named in the trial amendment to plaintiffs' original petition, and that said injunctive relief would apply only to those individuals named.

Going back to appellant's Point 1, and it is substantially: Does the plaintiffs' original petition and the trial amendment allege a cause of action against defendant entitling the persons therein named to injunctive relief against the defendant? We think they do.

The original petition consists of almost seven typewritten, legal cap pages and necessarily we cannot state it. Suffice to say that it alleges that plaintiffs as individuals and as a class representing the shareholders hold shares of common stock of Postal Employees Merchantile Company, Inc., of Dallas, Texas, and that H. E. Kenny, Jr., is the assignee for the benefit of the creditors of said corporation; that plaintiffs are all residents of Dallas County and each is the owner of one share of stock in said corporation fully paid; that the first five are members of a class of defendants in certain causes wherein the assignee has filed suits against them in the Justice Court, Precinct No. 1, Place 2 in Dallas County, Texas, and they bring this action individually and as a class under the provisions of Rule 42, Texas Rules of Civil Procedure; that the Postal Employees Mercantile Company, Inc., is a private corporation duly incorporated under the laws of the State of Texas and chartered under subd. 39 of Art. 1302, Vernon's Ann.Civ.Stats.; that there are some seven hundred shareholders, each the owner of one share of common stock of said corporation of the par value of $15; that all of said capital stock has heretofore been fully paid in cash by each and all of the plaintiffs individually and by each and all of the shareholders of said corporation; that none of the plaintiffs are members of the class represented as having failed to pay in full for the subscription of such capital stock of said corporation; that after the assignment for the benefit of the creditors the defendant H. E. Kenny, Jr., and the officers and directors of said corporation, have been endeavoring to procure a contractural agreement with the shareholders of said corporation for a voluntary assessment for the benefit of the creditors against each shareholder in the approximate sum of $25 for each share owned and that the majority of such shareholders have declined to accept the voluntary assessment and they are not liable thereon; that defendant H. E. Kenny, Jr., as assignee, and the officers and directors of such corporation have engaged in a course of conduct intended to coerce, intimidate and frighten the holders of shares of common stock into agreeing to such assessment, notwithstanding the refusal of these plaintiffs and a majority of the class they represent to agree to such voluntary assessment and notwithstanding the full knowledge on the part of Kenny that there is no legal obligation on the part of any shareholder for this assessment, the

said Kenny, assignee, in furtherance of such campaign of coercion, intimidation and fright, has filed ten suits, separately and individually, in the Justice Court, Precinct No. 1, Place No. 2, Dallas County, Texas, wherein the assignee alleges that the defendants named in said suit are indebted to him in his capacity as assignee in the sum of $24.92 as an assessment against each shareholder. Plaintiffs further alleged under date of September 15, 1952, defendant Kenny joined the Board of Directors in making the following statement: "The Board of Directors and all parties who are expending their time and effort toward the settlement of accounts certainly want it well understood that at this time there is no contention that there is a positive legal obligation on the part of any shareholder to pay this assessment, but rather it is a moral obligation which has been created in the name of Postal Employees Mercantile Co., Inc." Plaintiffs further alleged that they brought this action to avoid a multiplicity of suits and they asked the court for a temporary injunction restraining the assignee from filing any other suits of like kind and character against any shareholder of said corporation and from prosecuting the suits already filed in the Justice Court, and from taking any other or further action in said suits than to dismiss the same. Plaintiffs prayed for such relief and further prayed that the court render its declaratory judgment declaring and adjudging that there is no liability for assessment against the owners of shares of common stock fully paid of said corporation; and in the alternative, if the court does not so declare that the court decree that there is no liability on the part of the holders of shares of common stock of said corporation and that the assignee be required to litigate the question of such liability and the common question of law and fact involved in each matter in one common action, and that the assignee be permanently restrained and enjoined from filing a multiplicity of suits against each individual shareholder upon such common question of law and fact, for costs of suit, and for general relief.

The court in its decree made substantially the following findings: That plaintiffs are each the owner of one share of the capital stock of said corporation, which stock is fully paid; that such corporation was duly incorporated under the laws of the State of Texas and was in existence on April 24, 1954; that H. E. Kenny, Jr., is the assignee for the benefit of the creditors of said corporation under statutory assignment; and that, he, by his separate suits against ten separate stockholders, is endeavoring to enforce an assessment of $24.92 against each share of the capital stock of said corporation and is asserting liability against all of the owners of capital stock of said corporation for $24.92 per share assessment; that under the admissions on file the assignee admits that his testimony given on the hearing for a temporary injunction was and is his testimony in this cause and that under such testimony and admissions the defendant, unless enjoined, will continue to endeavor to prosecute action or actions against plaintiffs for the collection of such $24.92 assessment against each shareholder; that as a matter of law there is no liability on the stockholders of a corporation chartered under the laws of the State of Texas in the manner and form as was said corporation for an assessment against their fully paid subscriptions or shares of stock of such corporation, and that defendant cannot go back of the certificates of incorporation duly issued by the Secretary of State of the State of Texas to said corporation; that defendant's unsworn second amended original answer and cross-action is insufficient as against the plaintiffs' sworn petition, admissions on file and testimony heard as admitted in the admission on file to raise any genuine issue as to any material fact on a motion for summary judgment; that there is a common question of law and fact as between each plaintiff and the defendant; that to prevent a multiplicity of suits of a groundless nature, plaintiffs are entitled to an injunction against the assignee; and in the decree we find this recital: " * * * that there is no liability on the part of the plain-

tiffs herein to the defendant, H. E. Kenny, Jr., Assignee, for the benefit of the creditors of Dallas Postal Employees Mercantile Company, Inc., for an assessment in the sum of $24.92, or any other sum against the fully paid shares of capital common stock * * * owned by the several plaintiffs; * * * that the defendant H. E. Kenny, Jr., assignee, * * * be and he is hereby permanently enjoined from prosecuting this or any other action to collect or attempt to collect from any of the plaintiffs herein an assessment in any amount against the fully paid shares of the capital common stock of Dallas Postal Employees Mercantile Company, Inc., and from filing any other suit against any of the plaintiffs herein wherein an alleged liability is sought to be established against said plaintiffs or either of them as owners of shares of fully paid common stock * * * that this injunction shall operate against the said defendant only in favor of the plaintiffs, G. P. Starnes and 302 others, as named in plaintiffs' trial amendment * * * and shall not affect the alleged right of action as asserted in the defendant's cross-action as filed herein as against parties who are not parties plaintiff to this suit, and this injunction shall apply only as to the plaintiffs named in plaintiffs' trial amendment."

■ It is our view that the evidence tendered shows conclusively that there was no dispute as to any material fact and the plaintiffs are entitled to the relief that was given them in the decree. We think the findings of fact given in the decree of the trial court are sufficient to support the reasons for his issuance of the injunction against assignee Kenny, and that it is in compliance with the rule announced by the El Paso Court of Civil Appeals in this cause. In Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931, we find this statement of the rule: "* * * The burden of proving that there is no genuine issue of any material fact is upon the movant, and 'All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.'"

■ Our view of the record here is that the plaintiffs have carried their burden in this behalf. We think our statement of the pleadings is sufficient to show that there is no merit in Appellant's Point 2.

■ Appellant's Point 3 is wholly without any merit whatsoever. The Court of Civil Appeals taxed the costs against the appellees and there is nothing in the decree here that indicates that the trial court undertook to retax any costs, or to tax any costs, except the costs incurred on this trial.

Believing that no reversible error is shown, the judgment of the trial court is affirmed.