Lipscomb, J.
This suit was commenced in the court below by a petition for an attachment against a non-resident debtor, in which Brander, Williams & Co. were the plaintiffs and the plaintiff in error defendant. The attachment was levied on the goods, &c.. of the defendant, and a claim of property interposed, which it seems had not yet been disposed of in the court below. The defendant in the court below appeared by his counsel and interposed sev *177 eral matters of defense that will be noticed in the proper place. There was a judgment for the plaintiffs, and the defendant lias brought it up for revision by a writ of error.
Tlie plaintiff' in error assigns the following errors:
1st. The court erred in overruling the motion to quash the attachment filed on the 31st day of September, A. D. 1848, aud in overruling the defendant’s motion to quash the attachment bond filed 21st March, A. D. 1830.
2d. Tlie court, erred in sustaining tlie plaintiff’s motion to substitute new security in the place of Todd, one of the securities on the attachment bond, which motion was made 22d March, A. D. 1850, and in approving- the bond given as such substitute by M. J. Hall on tlie same day.
3d. Tiie court erred in sustaining the plaintiff’s motion to reject the defendant’s plea in abatement.
4tli. Tiie jury was not sworn.
5th. Tlie court erred in overruling defendant’s motion for a new trial.
Tiie first specification in tlie first assignment will be first examined, and the second branch of the assignment will be discussed under the second assignment.
It appears from the record that tlie defendant in tlie court, below appeared by bis counsel at the term of tiie court to which process in this ease was made returnable, and filed iiis answer, the first in order, in tlie words following: ‘•And tiie said defendant comes by M. D. Rogers, his attorney, and defends tin: wrong and injury, when, &c., and saitli that lie did not undertake and promise in manner ami form as tlie said plaintifiTiath above complained against him, and of this lie puts himself upon the country.” Here was an issue'taken to be tried by tiie jury. Then tlie defendant tiled exceptions to tlie bond given by Uie plaintiffs in the attachment on obtaining it. If these exceptions bad gone to tlie plaintiffs’ right of action they ought to have been overruled, as tiie statute giving tiie defendant the privilege iii his answer “to plead as many several matters, whether of law or fact, as lie shall think necessaiy for 1ns defense, and which maybe pertinent to the cause,” lias this proviso, “that lie shall file them all at the same lime and in due order of pleading.” (See Dig., art. 688.) To allow an exception to file action after full answer mi the merits would be entirely to disregard this proviso, as in the. order of pleading no exception to the action can bo made ah eran issue to tiie country on the merits of the plaintiff’s petition. All exceptions I hat would go to the action should be presented first. But this exception, under our practice, does not go to tlie action, and the plaintiff could stii! have gone, on whh bis suit if the bond liad been quashed. The most that could have been claimed by the. defendant would have been a discharge, from the attachment and the levy made under it. The cause of action set out in the petition would have been left, unaffeetod by the decision oil tlie insufficiency of the bond required by law for obtaining the auxiliary writ of attachment. The defendant bad a rigid, therefore, to attack the sufficiency of the bond after he had answered to the merits and joined issue on tiie averments of tlie indebtedness contained in tlie petition.
The objection taken to the sufficiency of the bond was on several distinct grounds; it is not, however, proposed to consider them separately in the order in which they were presented; they can he condensed and presented in much narrower limits.
It was objected that the bond was not sufficient because it was not executed iu tlie name of the firm bringing the suit, but, instead of being so executed, that it was executed under the hand of eacli of the members composing the firm in their individual names. There can be no question that this objection is not well taken ; tlie security afforded by tlie bond executed by tlie individuals composing tlie firm is less objectionable than if it liad been executed by the signature of the firm under seal, because it was ouee held that, a firm could not bind itself at common law by a seal to the name of the. firm ; or. in other words, that a copartnership linn could not, as such, make a deed at common law.
The second objection is, that the bond was executed by Todd, attorney in *178 fact for the plaintiffs, his constituents, when ho does not disclose the power under which he acts and undertakes to hind the plaintiffs. It is sufficient answer io Hiis objection to say that the objection was not to the existence of such power of attorney but to its not being1 tiled; and that when the defendant amended (lie, exception by asking an exhibition of Todd’s authority, it was filed and seemed fully to sustain the power exercised by him, and that it had been conferred upon him before he had executed the bond.
Under the second assignment a question is raised entitled to more consideration that, tlie one we have just noticed. It appears from the records that, previous to going into the trial of the case, tlie plaintiff suggested to tlie court that (he evidence of Todd, one of the securities on the attachment, was material to them on the trial of the case, and moved the court under the statute to substitute other security in the place of Todd, good and sufficient, to be approved by tlie presiding judge in open court, which motion was granted, and the bond of J. M. Hall was received, examined, and approved by the presiding judge in open court.
Tlie bond of Hall sets forth the facts that occasioned its being given, that it was on (lie'suggestion of Todd’s being a material witness in tlie case, and, reciting that it liad been allowed by the court, binds himself for tlie whole pen-ally as security for tlie plaintiffs.
The defendant objected to tlie motion, and moved to quash the bond so given by Ilall, and his motion was overruled. The statute on which plaintiffs relied for their right use of the evidence of Todd, on giving other security to be approved by tlie court, is found in art. 803, Hart. Dig.; it is as follows: “ That if either party to any process of suit shall desire the testimony of the surety or sureties on his bond given for costs or other purposes in the cause, he may give other good and sufficient security, to be approved by the court, but shall'not thereby delay the progress of tlie canse, provided this section shall not apply to suits now pending.” This section is very delicien tin perspicuity, and expressed in remarkably loose and general terms, but there can be no doubt that it would embrace in its terms securities on an attachment bond; but then, how this new security is to be taken, what is its effect on a co-surety, is left to be collected as best it "may bo to those who are called upon lo give it effect and a judicial construction." If wc were to construe the section as giving power to the court to relieve one co-security without tlie consent of his co-obligors, we might seriously affect the interests of tlie latter as well as impair tlie security of tlie obligee in the bond. This embarrassment can be avoided by construing the section as referring to tiie obligation as entire, and that a new bond may be taken on good ami sufficient security as a substitute for 1 lie old one ; ami tins construction would not only relieve us from tlie imputation of designing lo interfere with the rights and securities of the obligee in tlie bond and tlie co-securities in relation to each other, and it would require no strained or forced construction to be given to the section under consideration. It would seem, therefore, to be the safest as well as tito, most reasonable conclusion that a compliance with the section required tlie giving a new bond, with good and sufficient security, to be approved by the court. ' Until this is done, l lie. obligation of the old one is valid and in full force. Has this been done S’ The law’says lie may give other good and sufficient security, to be approved of by the court. By the expressions here tired it cannot be contended that tlie judge would be authorized to take security of an inferior grade from that required by law on obtaining the attachment. That law says that the plaintiff, previous to issuance of tlie attachment, should give bond with two or more good securities, (see Hart. Dig., art. 26.) and the now bond, intended to be a substitute, is subjected to the same requirement of law that it must be with two or more good securities. The single obligation, then, of Mr. Hall is not a fulfillment of tlie requirements of the law, and cannot be received as a substitute for the old one, the obligation which remains in full force, equally binding on Todd and his co-sureties, "and consequently the plaintiffs have not removed the disability imposed upon him to give evidence in the case.
*179 This view oí the question would he decisive and would result in a reversal of tlie judgment if the record showed by bill of exceptions or the statement of facts showed that ho had been used by (he plaintiffs as a witness on the trial. This not being shown in the way required by tlie law, nor in fact in any other way, we are not authorized, front tlie mere abortive effort to make him a competent witness, to infer that he was used as such. ■
On the third assignment of error it is contended that the court erred in ruling out the plea in abatement; that at and before the commencement of this suit a suit was pending in the court of the county of Union, in tlie State of Arkansas, in which suit the plaintiff is seeking satisfaction of this very debt out of a debt due there to the defendant, which debt is alleged to be twenty-five dollars. If this plea were true, and it were good as a defense, it could not have been received under tlie statute noticed in a preceding part of our opinion, because it was out of tlie order of pleading, as tlie defendant had previously taken issue on tlie merits presented in tlie plaintiff’s petition. But it is not admitted that the plea would have been good liad it eome in the regular order of pleading. It does not allege anything- that would amount to a satisfaction of tlie debt, nor show that tlie plaintiff had the moans of obtaining satisfaction in Unit suit. Had the suit been pending in one of our own courts'll; would have been different. and the plaintiff would not have been tolerated in conducting two suits for tlie same cause of action against the same party, because tire judgment in tlie first would make all tlie property of the defendant liable for its satisfaction. Not so, however, if the plaintiff should obtain judgment in another Slate; it would not give a lien on tlie defendant’s property in this. In both aspects of tin* quest ion the plea was properly ruled out.
Tlie fourth assignment cannot* bo sustained. The record shows that bofli ‘•parties announced themselves ready for trial, whereupon came a jury of twelve good and lawful men, to wit.” In civil cases tlie term “juror,” as here used, raises the presumption that they were sworn. It is not so in criminal cases, for then no intendment or presumption can be received but such as are in favor of the prisoner.
The fifth and last assignment presents nothing for our consideration. It is that there was error in overruling the defendant’s motion for a new trial. There was no statement of facts, and nothing in tlie record from which we would bo authorized to say that the new trial ought to have been granted, and there is no error in overruling it. Tlie judgment is affirmed.
Judgment affirmed.