**SPACE MASTER INTERNATIONAL, INC., Appellant,**

v.

**PORTA–KAMP MANUFACTURING COMPANY, INC., Appellee.**

No. 01–90–00020–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 16, 1990.

JoAnn Storey, Houston, for appellant.

G. Wesley Urquhart, Houston, for appellee.

Before SAM BASS, COHEN and BISSETT[1], JJ.

## OPINION

BISSETT, Justice (Retired).

This is an appeal from the trial court's order nunc pro tunc dismissing Space Master's suit for declaratory judgment without prejudice. Space Master International Inc., ("Space Master"), in three points of error, contends the trial court erred in dismissing its suit, because the mere pendency of two other actions, in Massachusetts federal court and New Jersey state court, was not a sufficient basis for dismissal. We affirm.

A dispute arose concerning two contracts entered into between Space Master and Porta–Kamp Manufacturing Company, Inc. ("Porta–Kamp"): one for the construction of modular classroom units in Massachusetts, the other for the construction of modular classroom units in New Jersey. Porta–Kamp, a Texas corporation with its principal place of business in Houston, Texas, sued Space Master for breach of contract and sought money damages, in both the New Jersey state court and the Massachusetts state court. The latter suit was removed to a federal court in Massachusetts. Space Master answered both complaints, asserting by affirmative defenses and a counterclaim that Porta–Kamp had violated the Texas usury statute.

While the suits in Massachusetts federal court and New Jersey state court were pending, Space Master filed suit for declaratory judgment in Texas, alleging the contracts at issue should not be enforced because Porta–Kamp had attempted to charge Space Master usurious interest rates. Porta–Kamp filed a motion to dismiss and a plea in abatement, urging the Texas court to either decline to exercise its jurisdiction or abate the cause of action, in order to avoid interference with litigation involving the same parties and issues in Massachusetts federal court.

Space Master responded to Porta–Kamp's motions to dismiss in the Texas court by asserting the trial judge of the Massachusetts federal court had indicated he was unwilling to apply Texas usury law, and attached a portion of the transcript from the proceedings in Massachusetts, sworn to by Space Master's attorney as accurately reflecting the exchange between counsel and the court. When counsel informed the court that Porta–Kamp could forfeit the principal as well as the interest under Texas law, because it had charged an 18 percent interest rate, the trial judge replied:

I mean, it's ludicrous.... I don't see any judge any place applying that law because it's—it's absolutely inherently ludicrous.... [T]o say that they could

1. The Honorable Gerald T. Bissett, Justice, retired, Court of Appeals, Thirteenth District of Texas at Corpus Christi, sitting by assignment.

forfeit three quarters of a million dollars because they charged you interest which you haven't paid is just—I mean, you don't even have to be a Cardoza [sic] to know that it's inherently foolish.

Based on this exchange and the assertion by Space Master that the Massachusetts court might not be *able* to enforce the usury statute because it was considered punitive, Space Master urged that the Texas court retain jurisdiction over the suit for declaratory judgment.

In its supplemental response in the Texas action, Space Master alleged the New Jersey court would not rule on Porta–Kamp's motion for summary judgment on Space Master's usury defense and counterclaim, until the Texas court had construed the Texas usury statute.

By order and order nunc pro tunc, the trial court granted Porta–Kamp's motion to dismiss, but denied the plea in abatement. The court denied Space Master's motion for rehearing, or in the alternative, motion for new trial, and this appeal followed.

In essence, Space Master, in its points of error, contends first that the mere pendency of this action in federal court involving the same parties and issues was not a valid reason to abate the instant proceeding. Second, it urges that the mere pendency of this suit in another state did not deprive the trial court in this case of jurisdiction to hear the suit for declaratory judgment. Finally, it asserts that the trial court erroneously relied upon *Texas Liquor Control Board v. Canyon Creek Land Corp.*, 456 S.W.2d 891 (Tex.1970), as authority to dismiss the suit. As a practical matter, all points challenge the authority of the trial court to dismiss a suit for declaratory judgment, filed while proceedings involving the same parties and issues are pending in another state court and federal court.

■ It is well settled that the mere pendency of an action in federal court involving the same parties and the same issues is not a reason for abating the subsequent state court proceeding. *Williamson v. Tucker*, 615 S.W.2d 881, 885–86 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e.); *Byrnes v. University of Houston*, 507 S.W.2d 815, 816 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.). However, a motion to stay is directed to the discretion of the court and the granting or denying of such a motion will only be reviewed for abuse of discretion. *Williamson*, 615 S.W.2d at 886 (trial court did not abuse discretion in refusing to stay state court proceeding, filed after pending federal court proceeding, especially because federal action involved numerous parties that were not parties to state court action, and federal case was instituted by defendant in federal court several years before plaintiff instituted subsequent state court proceeding); *Alpine Gulf, Inc. v. Valentino*, 563 S.W.2d 358, 359 (Tex.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.) (trial court abused discretion when it refused to stay suit for temporary injunction filed in Texas, when suit between same parties for same ultimate relief had been filed five days earlier in United States district court in New York; trial court should have, as a matter of comity, stayed the action).

■ It is equally well settled that the mere pendency of an action in one state will not be grounds for abating a suit in another state between the same parties and involving the same subject matter. *Badgett v. Erspan*, 476 S.W.2d 381, 382 (Tex. Civ.App.—Fort Worth 1972, no writ); *Mills v. Howard*, 228 S.W.2d 906, 908 (Tex.Civ. App.—Amarillo 1950, no writ); *see also Safeco Ins. Co. of Am. v. J.L. Henson, Inc.*, 601 S.W.2d 183, 185 (Tex.Civ.App.— Dallas 1980, writ ref'd n.r.e.) (citing *Drake v. Brander*, 8 Tex. 351, 357 (1852)). As a matter of comity, however, it is the custom for the court in which the later action is instituted to stay proceedings therein until the prior action is determined or, at least, for a reasonable time, and the custom has practically grown into a general rule which strongly urges the duty upon the court in which the subsequent action is instituted to do so. *Mills v. Howard*, 228 S.W.2d at 908;

*Evans v. Evans,* 186 S.W.2d 277, 279 (Tex. Civ.App.—San Antonio 1945, no writ).

 Space Master's points of error do not recognize that a declaratory judgment proceeding is unique. An action for declaratory judgment is neither legal nor equitable, but is *sui generis,* i.e. the only one of its kind, peculiar. *Canyon Creek,* 456 S.W.2d at 895; *Cobb v. Harrington,* 144 Tex. 360, 367, 190 S.W.2d 709, 713 (1945); *see also Black's Law Dictionary* 1286 (5th Ed.1979).

 Section 37.003 of the Texas Civil Practice and Remedies Code authorizes courts of record, acting within their jurisdiction, to grant declaratory relief, where a judgment or decree will terminate the controversy or remove an uncertainty. TEX. CIV.PRAC. & REM.CODE ANN. § 37.003 (Vernon 1986). The entry of a declaratory judgment rests within the sound discretion of the trial court. *Uvalde County v. Barrier,* 710 S.W.2d 740, 745 (Tex.App.—San Antonio 1986, no writ); *K.M.S. Research Laboratories, Inc. v. Willingham,* 629 S.W.2d 173, 174 (Tex.App.—Dallas 1982, no writ); *Southern Nat'l Bank of Houston v. City of Austin,* 582 S.W.2d 229, 237 (Tex. Civ.App.—Tyler 1979, writ ref'd n.r.e.). It is further within the discretion of the trial court to refuse to enter a declaratory judgment or decree if the judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding. *Crawford v. City of Houston,* 600 S.W.2d 891, 894 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); TEX.CIV.PRAC. & REM.CODE ANN. § 37.008 (Vernon 1986). The Declaratory Judgments Act was never intended to provide for the piecemeal litigation of lawsuits. *United Serv. Life Ins. Co. v. Delaney,* 396 S.W.2d 855, 858 (Tex. 1965).

In *Canyon Creek,* the Texas Supreme Court stated:

> As a general rule, an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action.

456 S.W.2d at 895 (citing *Pickens v. Hidalgo County Water Control & Improvement Dist. No. 16,* 284 S.W.2d 784, 784, 786 (Tex.Civ.App.—San Antonio 1955, no writ) (suit for declaratory judgment should have been dismissed where there existed prior condemnation proceeding pending in county court at law)); *see also Hawkins v. Texas Oil and Gas Corp.,* 724 S.W.2d 878, 891 (Tex.App.—Waco 1987, writ ref'd n.r.e.) (a court should refuse to entertain a declaratory judgment action if another action or proceeding is pending involving the same parties and in which may be adjudicated the same issues involved in the action for declaratory judgment).

When the plaintiffs in *Canyon Creek* filed suit for declaratory judgment, there were already pending license suspension proceedings before the Texas Liquor Control Board, the outcome of which could turn on the issue that the plaintiffs had raised in the declaratory judgment action. 456 S.W.2d at 893–94. The supreme court held that it was improper for the trial court to hear the declaratory judgment proceedings in that case:

> In so far as plaintiffs are seeking a declaratory judgment for the purpose of overturning the administrative interpretation of the statute so that no further proceedings will be instituted against them, we hold that the facts of these cases do not warrant an exercise of jurisdiction by a civil court.

*Id.* at 896.

Space Master attempts to distinguish *Canyon Creek* on the ground that it involved the construction of a penal statute and a previously filed administrative action by the Texas Liquor Control Board. While Space Master is correct that the statute to be construed in *Canyon Creek* was penal in nature, the court merely stated that the general rule was even more applicable where the construction of a penal statute

948

was at issue, and a privilege, rather than a personal or property right was at stake in the pending administrative proceeding. 456 S.W.2d at 895. The court noted that the considerations that lead courts of equity to deny injunctive relief apply with equal force to an action for a declaratory judgment construing a penal statute. *Canyon Creek*, 456 S.W.2d at 896. One of those considerations is that a court of equity will not interfere with the attempted enforcement of a criminal statute unless the statute is unconstitutional and its enforcement will result in irreparable injury to vested property rights. *Id.* at 894, 896; *see also Dub Shaw Ford, Inc. v. Comptroller of Pub. Accounts*, 479 S.W.2d 403, 406 (Tex. Civ.App.—Austin 1972, no writ) (suit properly dismissed where there existed pending administrative proceedings between the same parties, that might adjudicate the issues involved in the declaratory judgment). The rule announced in *Canyon Creek* applies whether the proceeding is administrative or legal. *See Hawkins*, 724 S.W.2d at 891.

■ Another consideration in determining whether the trial court properly dismissed a suit for declaratory judgment is whether the trial court's exercise of jurisdiction in the suit for declaratory judgment would deprive the plaintiff of the ability to select the appropriate forum to hear a suit. In *Abor v. Black*, 695 S.W.2d 564, 566 (Tex.1985), the court stated that the trial court should have declined to exercise jurisdiction over a declaratory judgment filed by a potential defendant in a tort action, seeking a declaration of nonliability. The court declined to grant mandamus relief, but encouraged the trial court to decline to hear the action, because the defendant in effect had chosen "the time and forum for trial by beating the potential plaintiff to the courthouse and filing suit seeking a declaration of non-liability." *Id.* at 565, 567.

In *Byrnes v. University of Houston*, 507 S.W.2d at 817, the court held that the trial court did not abuse its discretion in dismissing a suit for declaratory judgment, where there existed a prior proceeding in federal court involving the same parties and issues:

Although separate suits including the same parties and issues may be maintained in state and federal courts simultaneously, the applicable declaratory judgment law supports the judicial discretion of the trial court to refuse to entertain jurisdiction of this declaratory action.

*See also Kenny v. Starnes*, 265 S.W.2d 639, 640 (Tex.Civ.App.—El Paso 1954, writ ref'd n.r.e.).

■ Space Master, in the case at bar, conceded that the suit for declaratory judgment involved the same parties and issues as the proceedings pending in the New Jersey state court and in the Massachusetts federal court. Space Master should not be allowed to use declaratory relief as a forum-shopping device. Based on considerations of comity, the unique nature of declaratory judgments, and the authorities above-cited, we conclude that the trial court did not abuse its discretion in dismissing Space Master's suit for declaratory judgment.

The judgment of the trial court is affirmed.