# CROWN LEASING CORPORATION, Appellant,

v.

# Billy SIMS and Scott M. Goodman, Appellees.

### No. 06–02–00006–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 7, 2002.

Decided Dec. 19, 2002.

Rehearing Overruled Jan. 14, 2003.

---

Stephen T. Arnold, Stephen T. Arnold & Associates, Texarkana, for appellant.

John R. Mercy, Mercy, Carter, Tidwell & Elliott, LLP, Errol N. Friedman, Friedman Law Offices, Texarkana, for appellees.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

MORRISS, Chief Justice.

Crown Leasing Corporation appeals the trial court's decision to grant Scott M. Goodman's plea in abatement, arguing the trial court abused its discretion and that Goodman should be estopped from asserting that Florida has dominant jurisdiction.

On April 28, 1995, Crown agreed to loan Billy Sims $50,000.00, secured by Sims' 1978 Heisman Trophy and other sports memorabilia. The security interest was perfected by possession; however, Crown allowed Sims to temporarily take possession of the trophy for signature shows on the condition the trophy would be immediately returned. On the latest occasion, Sims failed to return the trophy and subsequently agreed to sell an interest in the trophy to Goodman for $90,000.00. All transactions between Goodman and Sims occurred in the State of Texas without Crown's knowledge or consent. Subsequently, Goodman relocated to Florida with the trophy. On November 29, 2000, an Associated Press article announced Goodman's intention to sell the trophy in a telephone auction in Florida on December 7, 2000. After reading the article, Crown filed suit in Florida on December 4, 2000. In addition to other claims in the suit, Crown sought a temporary injunction to preclude the sale of the trophy. The Florida court denied the temporary injunction, and Crown brought suit in Texas on December 7, 2000. The Texas suit was identical to the Florida suit, except instead of seeking a temporary injunction, Crown requested the Texas court to issue an *ex parte* writ of sequestration. The Texas court granted the writ *ex parte*, and because the Florida suit was still pending, Goodman filed a plea in abatement in the Texas lawsuit. Before the Texas court ruled on Goodman's plea in abatement, Goodman filed a counterclaim in the Florida lawsuit. The Texas court granted Goodman's plea in abatement, and Crown brings this appeal.

In its first point of error, Crown contends the trial court abused its discretion by granting Goodman's plea in abatement.[1] It is well settled that, when a suit would be proper in more than one Texas

---

**1.** During oral argument, Appellant's counsel brought this Court's attention to *Drake v. Brander*, 8 Tex. 351 (1852). After reviewing *Drake*, this Court determines it is inapplicable to the present case.

county, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other courts and a plea in abatement is the proper form of relief. *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974); *Cleveland v. Ward,* 116 Tex. 1, 19, 285 S.W. 1063, 1070 (1926), rev'd on other grounds, *Walker v. Packer,* 827 S.W.2d 833 (Tex.1992). While this is true for competing Texas cases, the mere pendency of an action in one state will not be a ground for abating a suit in another state between the same parties and involving the same subject matter. *Space Master Int'l, Inc. v. Porta–Kamp Mfg. Co.,* 794 S.W.2d 944, 946 (Tex.App.—Houston [1st Dist.] 1990, no writ). Courts of sister states are considered foreign to each other, and a suit pending in another state may not be pleaded in abatement of another suit involving the same subject matter brought in another state. *Evans v. Evans,* 186 S.W.2d 277, 278–79 (Tex.Civ.App.-San Antonio 1945, no writ). However, as a matter of comity, it is the custom for the second court to stay its proceeding until the first suit has been determined, or at least for a reasonable time. *Space Master Int'l, Inc.,* 794 S.W.2d at 946; *see Evans,* 186 S.W.2d at 279. Additionally, the decision to grant or deny a motion to stay is within the discretion of the trial court, and we review that decision based on an abuse of discretion standard. *Space Master Int'l, Inc.,* 794 S.W.2d at 946.

For example, in *Evans,* Mr. Evans filed for divorce in Ohio, and Mrs. Evans filed her motion for alimony in the same court. *Evans,* 186 S.W.2d at 278. The Ohio court held that Mrs. Evans was entitled to $75.00 per month. *Id.* While the divorce action was still pending, Mr. Evans estab-

lished residency in Texas and again filed for divorce in a Texas court. *Id.* at 279. Mrs Evans filed a motion to stay the proceeding in Texas, and based on the doctrine of comity the Texas court granted the stay. *Id.* The court reasoned that principles of comity applied because Mr. Evans originally sought relief in Ohio; his wife, children, and property are located in Ohio; the two suits are identical and involve the same parties; and the issuance of a divorce decree in Texas would have negated the Ohio court's order for alimony. *Id.; see Williams v. N. Carolina,* 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942) (Texas decree could be made basis for vacating alimony order of Ohio court).

In the present case, Crown filed two suits involving the same parties and subject matter. Like Mr. Evans, Crown initially sought relief in the first state, Florida. *See Evans,* 186 S.W.2d at 278. It was not until after the temporary injunction was denied in Florida that Crown brought the identical suit in Texas. Crown, having chosen Florida as the forum, should have continued to proceed therein until final judgment. *See Nowell v. Nowell,* 408 S.W.2d 550, 555 (Tex.Civ.App.—Dallas 1966, writ dism'd w.o.j.). Moreover, Goodman and the trophy were located in Florida. If the Texas action proceeded on the merits and a writ of sequestration was levied, it would effectively supplant the Florida court's decision to deny the temporary injunction. Therefore, based on the principles of comity, the Texas suit should be stayed until the Florida suit has reached final determination.

 Crown contends Goodman should be estopped from asserting that Florida has dominant jurisdiction.[2] Crown argues

---

2. In support of its contention, Crown relies on *Perry v. Del Rio,* 66 S.W.3d 239 (Tex.2001). However, *Del Rio* stands for the proposition that unmatured claims will be abated in def-

erence to suits that were brought after they had become ripe for consideration. *Id.* at 255–56.

Goodman acted in bad faith by doing the following: (1) purchasing the trophy without Crown's consent; (2) removing the trophy to Florida without Crown's consent; (3) contacting a third party to purchase the trophy without Crown's consent;[3] and (4) not giving notice of the auction until the Associated Press article was published on November 29, 2000. Because the auction was scheduled to take place nine days from when the article was published, Crown contends that bringing suit in Florida was the only way to stop the sale.

■ Estoppel is a fact issue to be decided by the trial court in which the plea in abatement was filed. *Clawson v. Millard,* 934 S.W.2d 899, 901 (Tex.App.-Houston [1st Dist.] 1996, no writ). Crown asserts the foregoing events constitute a scheme on the part of Goodman to force Crown into filing suit in Florida. While Crown is entitled to argue that inference, there is no evidence in the record that Goodman was aware of Crown's interest in the trophy or that Goodman acted in bad faith. *See* TEX. R. APP. P. 38.1(h) (brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to record). Further, this Court will defer to the trial court's factual determinations provided there has not been an abuse of discretion, which has not been shown in the present case. *See Mercedes–Benz Credit Corp. v. Rhyne,* 925 S.W.2d 664, 666 (Tex.1996); *see Clawson,* 934 S.W.2d at 901. Furthermore, regardless of whether Goodman acted in bad faith, Crown has failed to show how Goodman's actions precluded Crown from initially filing in Texas. Crown could have brought suit in Texas, as evidenced by its second suit filed three days after being denied temporary relief in Florida. Accordingly,

Crown has failed to show the trial court abused its discretion.

■ Crown also contends that a Florida court would be improper because it would work a great inconvenience on the judicial system. In support of its contention, Crown relies on *Understanding the First–to–File Rule and its Anticipatory Suit Exception,* 75 Fla. Bar J. 24 (July/August 2001). In addition to the fact the Florida Bar Journal is not controlling authority, Crown's argument is not persuasive. It is undisputed that all transactions giving rise to each suit took place in Texas. However, at the time each suit was filed, the defendant resided in Florida and the trophy was located in Florida. Further, Crown has proceeded with discovery in the Florida suit, including taking depositions and making requests for production. Crown contends that adjudicating the dispute in Florida would be inconvenient and costly. However, adjudicating the dispute in Texas would be equally difficult for Goodman. In any event, these are considerations that should have been taken into account before initially bringing suit in Florida. While Crown raises concerns regarding its own convenience, those concerns would not render the trial court's decision an abuse of discretion.

■ Based on the principles of comity, a stay is the proper form of relief when two identical suits are filed and pending in different states. *See Evans,* 186 S.W.2d at 278–79. Accordingly, we modify the trial court's judgment to institute a stay, as opposed to an abatement, and we affirm the judgment as modified. TEX. R. APP. P. 43.2(b).

---

**3.** Goodman stated in his deposition he contacted a third party to purchase the trophy, but the purchase price had not been paid in full.