NO. 07-03-0471-CV



IN THE COURT OF APPEALS


 

FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 30, 2003



______________________________




IN RE R. WAYNE JOHNSON, RELATOR



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator R. Wayne Johnson brings this original proceeding seeking a writ of
mandamus directing respondent, the Honorable John Board acting as local administrative
judge, to grant relator permission to file two civil suits against the Texas Department of
Criminal Justice, six of its employees and an assistant attorney general. For the reasons
set out below, we must deny the petition.

 Based on relator's petition and uncertified documents attached to the petition,
relator is an inmate in the Institutional Division of the Department of Criminal Justice. He
describes himself as a "prolific, successful 'writ-writer'" who assists other inmates in
preparing legal documents. As a result of prior litigation, the 156th District Court in Bee
County found appellant to be a "vexatious litigant" under Chapter 11 of the Civil Practice
and Remedies Code (Vernon 2002). In 2001, that court rendered an order pursuant to
Section 11.101 of that chapter purporting to prohibit appellant from initiating litigation in
Texas courts without obtaining permission of "a local administrative judge." 

 Seeking to comply with that order, appellant submitted two petitions naming the
Department of Criminal Justice, the director of the Institutional Division, a warden,
department employees, and an assistant attorney general as defendants, to the Potter
County District Clerk with a request for permission from the local administrative judge to
file them. Attached to his mandamus petition is an uncertified copy of an order directing
that the petitions not be filed. It is this order which is the target of relator's petition for writ
of mandamus.

 Both of the civil suits relator seeks to file arise from the Department's adoption of
a policy prohibiting correspondence between inmates. Relator argues that this regulation
is illegal because it impermissibly burdens the right of access to courts by illiterate and 
non-English speaking inmates. (1) He also argues it violates his First Amendment rights and
violates a 1983 federal consent degree. The causes of action asserted were breach of
contract on the theory that the consent decree was a contract enforceable by inmates,
citing 18 U.S.C. § 3626(b); fraud, because the Department entered into the consent decree
with no intent to abide by it; negligent hiring and supervision; and breach of fiduciary duty. 
He sought a temporary injunction pending trial and recovery of actual and punitive
damages. 

 One of the petitions also recites that relator has filed a suit in federal court and
another suit in a state district court in Harris County, both of which also arose from the
implementation of the Department's policy prohibiting inmate correspondence. The
specific claims and theories of those suits are not shown. 

 A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a
clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no
adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305
(Tex. 1994) (orig. proceeding). It is the relator's burden to show entitlement to the relief
being requested. See Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985) (orig. proceeding). Merely showing reversible error will not satisfy this requirement.
In re Masonite Corp., 997 S.W.2d 194, 198-99 (Tex. 1999) (orig. proceeding). The
second requirement for mandamus relief is met only when a party is in danger of
permanently losing substantial rights if the ruling of the trial court is allowed to stand. Id. 

 We find there are several reasons why appellant's petition must be denied. First,
it fails to comply with the procedural rules governing petitions for writs of mandamus. 
Original proceedings in this court are governed by Rule of Appellate Procedure 52. Rule
52.3 specifies the form and content of a relator's petition. The petition filed here contains
several deficiencies. They include the absence of a table of contents (Rule 52.3(b)), and
table of authorities (Rule 52.3(c)). It also fails to state the name of the judge whose order
is challenged. (2) Additionally, he has failed to provide a copy of the Department rule or
consent decree which he contends shows his claims are meritorious. See Rule
52.3(j)(1)(C). These deficiencies are not merely technical flaws, they preclude this court
from conducting a meaningful review of the trial court's order and require denial of relator's
petition. 

 Moreover, even the limited record before us reveals additional reasons why relator's
petition must be denied. It fails to satisfy either prong of the test for entitlement to a writ
of mandamus. As noted, one of the proffered petitions recites that relator has initiated two
other suits in which he challenges the inmate correspondence policy, one in federal court,
and one in a state district court in Harris County. With regard to the state suit, it is well
established that the court in which suit is first filed acquires dominant jurisdiction over the
dispute. See Wyatt v. Shaw Plumbing, 760 S.W.2d 245, 248 (Tex. 1988). A second suit
on the same dispute is subject to a plea in abatement. Crown Leasing Corp. v. Sims, 92
S.W.3d 924, 927 (Tex.App.-Texarkana 2002, no pet.). Relator's pleading shows that the
pending state court suit shares at least one of the individual defendants in common with
a proposed suit. Relator has failed to make any showing why the claims asserted here
should not be resolved in the pending suit or why the other defendants could not be joined
in that suit. See Tex.R.Civ.Proc. 40. Public policy considerations of judicial economy
weigh in favor of having parties resolve all disputes in a single proceeding. Massey v.
Massey, 807 S.W.2d 391, 397 (Tex.App.--Houston [1st Dist.] 1991, writ denied). Similar
considerations apply with regard to the suit in federal court. See Trapnell v. Hunter, 785
S.W.2d 426 (Tex.App.-Corpus Christi 1990, no writ); Williamson v. Tucker, 615 S.W.2d
881 (Tex.Civ.App.-Dallas 1981, writ ref'd n.r.e.). Judge Board's order would be
sustainable on this basis.

 There is yet another basis which would support Judge Board's order. None of
appellant's claims assert that the policy at issue deprived him of access to the courts. 
They are premised instead on the ideas that the regulation impairs his ability to assist
others (3) or impairs other inmates' access to the courts. Under the law, constitutional
protection of inmate writ-writing activity enures to the benefit of the inmate seeking to
prosecute a claim, not to those who assist in preparation of the lawsuit. Johnson v.
Rodriguez, 110 F.3d 299, 311 (5th Cir. 1997). An inmate likewise generally has no right
to have the assistance of another specific inmate. Id. 

 Without expressing any opinion on the validity of the 156th district court's order, we
deny relator's petition for writ of mandamus.


 James T. Campbell

 Justice


1. See Johnson v. Avery, 393 U.S. 483, 484, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969),
where the court struck down as unconstitutional a regulation prohibiting inmates from
assisting others in legal matters. In Johnson, the court used the term "writ-writers" to refer
to inmates who provide assistance to other inmates.
2. We recognize, however, that the name of the local administrative judge is not
printed on the face of the order and the name is not clear from the signature. We take
judicial notice that Judge John Board is the local administrative judge for Potter County. 

3. This is illustrated by his claim that the regulation improperly burdens his First
Amendment rights.