NO. 07-03-0471-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 30, 2003

_____

IN RE R. WAYNE JOHNSON, RELATOR

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relator R. Wayne Johnson brings this original proceeding seeking a writ of mandamus directing respondent, the Honorable John Board acting as local administrative judge, to grant relator permission to file two civil suits against the Texas Department of Criminal Justice, six of its employees and an assistant attorney general. For the reasons set out below, we must deny the petition.

Based on relator's petition and uncertified documents attached to the petition, relator is an inmate in the Institutional Division of the Department of Criminal Justice. He describes himself as a "prolific, successful 'writ-writer'" who assists other inmates in preparing legal documents. As a result of prior litigation, the 156th District Court in Bee County found appellant to be a "vexatious litigant" under Chapter 11 of the Civil Practice

and Remedies Code (Vernon 2002). In 2001, that court rendered an order pursuant to Section 11.101 of that chapter purporting to prohibit appellant from initiating litigation in Texas courts without obtaining permission of "a local administrative judge."

Seeking to comply with that order, appellant submitted two petitions naming the Department of Criminal Justice, the director of the Institutional Division, a warden, department employees, and an assistant attorney general as defendants, to the Potter County District Clerk with a request for permission from the local administrative judge to file them. Attached to his mandamus petition is an uncertified copy of an order directing that the petitions not be filed. It is this order which is the target of relator's petition for writ of mandamus.

Both of the civil suits relator seeks to file arise from the Department's adoption of a policy prohibiting correspondence between inmates. Relator argues that this regulation is illegal because it impermissibly burdens the right of access to courts by illiterate and non-English speaking inmates.[1] He also argues it violates his First Amendment rights and violates a 1983 federal consent degree. The causes of action asserted were breach of contract on the theory that the consent decree was a contract enforceable by inmates, citing 18 U.S.C. § 3626(b); fraud, because the Department entered into the consent decree with no intent to abide by it; negligent hiring and supervision; and breach of fiduciary duty.

---

[1]*See Johnson v. Avery*, 393 U.S. 483, 484, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), where the court struck down as unconstitutional a regulation prohibiting inmates from assisting others in legal matters. In *Johnson*, the court used the term "writ-writers" to refer to inmates who provide assistance to other inmates.

He sought a temporary injunction pending trial and recovery of actual and punitive damages.

One of the petitions also recites that relator has filed a suit in federal court and another suit in a state district court in Harris County, both of which also arose from the implementation of the Department's policy prohibiting inmate correspondence. The specific claims and theories of those suits are not shown.

A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no adequate remedy by law. *See Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). It is the relator's burden to show entitlement to the relief being requested. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Merely showing reversible error will not satisfy this requirement. *In re Masonite Corp.*, 997 S.W.2d 194, 198-99 (Tex. 1999) (orig. proceeding). The second requirement for mandamus relief is met only when a party is in danger of permanently losing substantial rights if the ruling of the trial court is allowed to stand. *Id.*

We find there are several reasons why appellant's petition must be denied. First, it fails to comply with the procedural rules governing petitions for writs of mandamus. Original proceedings in this court are governed by Rule of Appellate Procedure 52. Rule 52.3 specifies the form and content of a relator's petition. The petition filed here contains several deficiencies. They include the absence of a table of contents (Rule 52.3(b)), and

table of authorities (Rule 52.3(c)).  It also fails to state the name of the judge whose order is challenged.[2]  Additionally, he has failed to provide a copy of the Department rule or consent decree which he contends shows his claims are meritorious.  *See* Rule 52.3(j)(1)(C).  These deficiencies are not merely technical flaws, they preclude this court from conducting a meaningful review of the trial court's order and require denial of relator's petition.

Moreover, even the limited record before us reveals additional reasons why relator's petition must be denied.  It fails to satisfy either prong of the test for entitlement to a writ of mandamus.  As noted, one of the proffered petitions recites that relator has initiated two other suits in which he challenges the inmate correspondence policy, one in federal court, and one in a state district court in Harris County.  With regard to the state suit, it is well established that the court in which suit is first filed acquires dominant jurisdiction over the dispute.  *See Wyatt v. Shaw Plumbing*, 760 S.W.2d 245, 248 (Tex. 1988).  A second suit on the same dispute is subject to a plea in abatement.  *Crown Leasing Corp. v. Sims*, 92 S.W.3d 924, 927 (Tex.App.–Texarkana 2002, no pet.).  Relator's pleading shows that the pending state court suit shares at least one of the individual defendants in common with a proposed suit.  Relator has failed to make any showing why the claims asserted here should not be resolved in the pending suit or why the other defendants could not be joined in that suit.  *See* Tex.R.Civ.Proc. 40.  Public policy considerations of judicial economy

---

[2]We recognize, however, that the name of the local administrative judge is not printed on the face of the order and the name is not clear from the signature.  We take judicial notice that Judge John Board is the local administrative judge for Potter County.

4

weigh in favor of having parties resolve all disputes in a single proceeding. *Massey v. Massey*, 807 S.W.2d 391, 397 (Tex.App.--Houston [1st Dist.] 1991, writ denied). Similar considerations apply with regard to the suit in federal court. *See Trapnell v. Hunter*, 785 S.W.2d 426 (Tex.App.–Corpus Christi 1990, no writ); *Williamson v. Tucker*, 615 S.W.2d 881 (Tex.Civ.App.–Dallas 1981, writ ref'd n.r.e.). Judge Board's order would be sustainable on this basis.

There is yet another basis which would support Judge Board's order. None of appellant's claims assert that the policy at issue deprived him of access to the courts. They are premised instead on the ideas that the regulation impairs his ability to assist others[3] or impairs other inmates' access to the courts. Under the law, constitutional protection of inmate writ-writing activity enures to the benefit of the inmate seeking to prosecute a claim, not to those who assist in preparation of the lawsuit. *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). An inmate likewise generally has no right to have the assistance of another specific inmate. *Id.*

Without expressing any opinion on the validity of the 156th district court's order, we deny relator's petition for writ of mandamus.

James T. Campbell
Justice

---

[3]This is illustrated by his claim that the regulation improperly burdens his First Amendment rights.

5