EX PARTE TYRONE COLEMAN



NO. 07-06-0061-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 23, 2006
 

______________________________


 

EX PARTE TYRONE COLEMAN


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Tyrone Coleman, acting pro se, has submitted to us a document he describes as an
"emergency petition," in which he complains of actions of the pardons and paroles division
of the Texas Board of Pardons and Paroles. According to Coleman's petition, the division,
acting through a Hale County parole officer, has imposed on him an illegal special condition
of parole that prohibits him from having any contact with his wife. He asserts the condition
has required him to move out of their home, thereby imposing additional living expenses
and placing emotional strain on his marriage. 

 He asks that we direct the Board of Pardons and Paroles to remove the restraint on
his contact with his wife. In his petition Coleman also advises us he presently is held in the
Hale County jail pending a revocation hearing. He does not ask to be released from
custody, only that the condition be removed, "before it ends my marriage." 


 Coleman is not a party to an appeal pending in this court. We construe his petition
as one seeking extraordinary relief. Tex. R. App. P. 52.1. Our authority to grant such relief
is set out in section 22.221 of the Texas Government Code.

 We may grant extraordinary writs when necessary to enforce our appellate
jurisdiction over a matter pending before us. Tex. Gov't Code Ann. § 22.221(a) (Vernon
2004). That authority is not applicable here.

 Coleman's petition could be read to seek a writ of habeas corpus, which is available
to secure release from a restraint of liberty. See In re Ragland, 973 S.W.2d 769, 771
(Tex.App.-Tyler 1998, orig. proceeding) (discussing restraint sufficient to authorize habeas
corpus relief). We will assume, without deciding, that the condition Coleman describes in
his petition, by which he is restrained from living with or otherwise contacting his wife, is the
type of restraint of liberty that would authorize issuance of a writ of habeas corpus. Our
authority to do so, however, is limited to instances in which the relator is being restrained
due to a violation of an order, judgment or decree rendered in a civil case. Id. at §
22.221(d); Ex parte Layton, 928 S.W.2d 781, 782 (Tex.App.-Amarillo 1996) (orig.
proceeding). Nothing in Coleman's petition suggests that the condition of parole arose in
a civil case. (1) 


 Coleman's petition also might be read as seeking a writ of mandamus directing the
Board to rescind the condition. Except when necessary to enforce our jurisdiction under
section 22.221(a), the Government Code permits us to issue writs of mandamus only to
judges of district or county courts in our appellate district. Tex. Gov't Code Ann. §
22.221(b) (Vernon 2004). We have no mandamus authority over the Board of Pardons and
Paroles in this case.

 Finding we have no authority to consider the relief sought by Coleman's petition, we
dismiss it for want of jurisdiction. (2)


 James T. Campbell

 Justice






1. - 
 

2. 
 
 
 


only when a party is in danger of
permanently losing substantial rights if the ruling of the trial court is allowed to stand. Id. 

 We find there are several reasons why appellant's petition must be denied. First,
it fails to comply with the procedural rules governing petitions for writs of mandamus. 
Original proceedings in this court are governed by Rule of Appellate Procedure 52. Rule
52.3 specifies the form and content of a relator's petition. The petition filed here contains
several deficiencies. They include the absence of a table of contents (Rule 52.3(b)), and
table of authorities (Rule 52.3(c)). It also fails to state the name of the judge whose order
is challenged. (2) Additionally, he has failed to provide a copy of the Department rule or
consent decree which he contends shows his claims are meritorious. See Rule
52.3(j)(1)(C). These deficiencies are not merely technical flaws, they preclude this court
from conducting a meaningful review of the trial court's order and require denial of relator's
petition. 

 Moreover, even the limited record before us reveals additional reasons why relator's
petition must be denied. It fails to satisfy either prong of the test for entitlement to a writ
of mandamus. As noted, one of the proffered petitions recites that relator has initiated two
other suits in which he challenges the inmate correspondence policy, one in federal court,
and one in a state district court in Harris County. With regard to the state suit, it is well
established that the court in which suit is first filed acquires dominant jurisdiction over the
dispute. See Wyatt v. Shaw Plumbing, 760 S.W.2d 245, 248 (Tex. 1988). A second suit
on the same dispute is subject to a plea in abatement. Crown Leasing Corp. v. Sims, 92
S.W.3d 924, 927 (Tex.App.-Texarkana 2002, no pet.). Relator's pleading shows that the
pending state court suit shares at least one of the individual defendants in common with
a proposed suit. Relator has failed to make any showing why the claims asserted here
should not be resolved in the pending suit or why the other defendants could not be joined
in that suit. See Tex.R.Civ.Proc. 40. Public policy considerations of judicial economy
weigh in favor of having parties resolve all disputes in a single proceeding. Massey v.
Massey, 807 S.W.2d 391, 397 (Tex.App.--Houston [1st Dist.] 1991, writ denied). Similar
considerations apply with regard to the suit in federal court. See Trapnell v. Hunter, 785
S.W.2d 426 (Tex.App.-Corpus Christi 1990, no writ); Williamson v. Tucker, 615 S.W.2d
881 (Tex.Civ.App.-Dallas 1981, writ ref'd n.r.e.). Judge Board's order would be
sustainable on this basis.

 There is yet another basis which would support Judge Board's order. None of
appellant's claims assert that the policy at issue deprived him of access to the courts. 
They are premised instead on the ideas that the regulation impairs his ability to assist
others (3) or impairs other inmates' access to the courts. Under the law, constitutional
protection of inmate writ-writing activity enures to the benefit of the inmate seeking to
prosecute a claim, not to those who assist in preparation of the lawsuit. Johnson v.
Rodriguez, 110 F.3d 299, 311 (5th Cir. 1997). An inmate likewise generally has no right
to have the assistance of another specific inmate. Id. 

 Without expressing any opinion on the validity of the 156th district court's order, we
deny relator's petition for writ of mandamus.


 James T. Campbell

 Justice


1. See Johnson v. Avery, 393 U.S. 483, 484, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969),
where the court struck down as unconstitutional a regulation prohibiting inmates from
assisting others in legal matters. In Johnson, the court used the term "writ-writers" to refer
to inmates who provide assistance to other inmates.
2. We recognize, however, that the name of the local administrative judge is not
printed on the face of the order and the name is not clear from the signature. We take
judicial notice that Judge John Board is the local administrative judge for Potter County. 

3. This is illustrated by his claim that the regulation improperly burdens his First
Amendment rights.