Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00126-CV

Patti L. **DIRKSEN**,
Appellant

v.

Robert W. **FLYNN** as Trustee of the Gloria Neidert 2005 Trust,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-12162
Honorable Michael P. Peden, Judge Presiding

Opinion by: Rebecca Simmons, Justice

Sitting: Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: January 12, 2011

REVERSED AND RENDERED

In the underlying cause, Robert W. Flynn filed a petition in his capacity as trustee of The Gloria Neidert 2005 Trust ("Trust") seeking a declaratory judgment. Over one year before the entry of the default judgment in the underlying cause, a California court signed a judgment removing Flynn as trustee. Therefore, at the time the trial court signed the judgment in the underlying cause, Flynn lacked standing to recover a judgment in the only capacity in which he

sued. As a result, the trial court lacked jurisdiction to enter the judgment in his favor. Accordingly, the judgment of the trial court is reversed, and the underlying cause is dismissed.

## BACKGROUND

In August of 2006, Flynn filed the underlying lawsuit seeking a declaratory judgment that he was not required by the terms of the Trust to make a monthly distribution to the beneficiary, Patti L. Dirksen, to pay Dirksen's rent. In October of 2006, Dirksen filed a lawsuit in California seeking to remove Flynn as trustee. Dirksen alleged that Flynn committed a breach of trust by: (1) failing to report and account to her as beneficiary; (2) failing to distribute the trust assets according to the terms of the trust instrument; and (3) failing to administer the trust with reasonable care, skill, and caution. Although the Trust initially held title to real property in Miami, Florida, Dirksen alleged that Flynn sold the property at a reduced value. In addition, Dirksen alleged that Flynn failed to distribute trust assets for necessities such as housing and transportation because he was the remainder beneficiary and wanted to maintain the corpus of the trust for himself. In August of 2008, the California court signed a judgment finding that good cause existed to remove Flynn as trustee and that Flynn's actions were in bad faith and without cause. The judgment removed Flynn as trustee and awarded Dirksen $162,847.44 in damages against Flynn individually. The judgment was authenticated in Texas on October 31, 2008.

In May of 2009, the California court signed a nunc pro tunc judgment updating and correcting the judgment to reflect Flynn's correct middle initial. When Dirksen's attorney filed a motion seeking to have the Texas court recognize the nunc pro tunc judgment, Flynn filed a motion to abate, alleging the Texas court in which the underlying declaratory judgment action

was pending had dominant jurisdiction and the case was set for trial in October of 2009. The trial court denied Dirksen's motion relating to the nunc pro tunc judgment.

On October 12, 2009, the trial court signed a default judgment in the underlying cause. The default judgment granted the requested declaratory relief, declaring that Flynn did not violate any terms of the Trust by failing to make the requested distributions. Although the only pleading on file was a request by Flynn for declaratory relief in his capacity as trustee, the default judgment also awarded "Plaintiff" $350,000 in actual and compensatory damages and $180,000 for damages resulting from the litigation in the California lawsuit. Although the judgment refers to "Plaintiff" as "ROBERT W. FLYNN, as Trustee of the Glorida [sic] Neidert 2005 Trust," the judgment further provides that it is "an *in rem* judgment and shall be enforceable against the proceeds of the Trust."

Because Dirksen did not receive notice of the default judgment, she filed a motion to extend post-judgment deadlines. She also filed a motion for new trial. After a hearing, the trial court granted the motion to extend the deadlines but denied the motion for new trial. Dirksen appeals.

### DISCUSSION

In her third issue, Dirksen contends the trial court erred in awarding judgment in favor of Flynn because he had previously been removed as trustee by another court of competent jurisdiction. Flynn responds that the Texas court had dominant jurisdiction and the California judgment was not properly domesticated.

"Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case." *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). "An absence of standing deprives the trial court of subject matter

jurisdiction and renders any trial court action void." *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied). "Subject matter jurisdiction exists by operation of law . . . ." *Id.* "As a component of subject matter jurisdiction, we review the issue of standing de novo." *Tex. Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004).

Dirksen asserts that the sole capacity in which Flynn filed suit was as trustee of the Trust. Accordingly, once Flynn was removed as trustee by the California court, he no longer had standing to pursue the underlying lawsuit. We agree that Flynn must have standing in the capacity in which he brought the underlying claim, or the trial court would lack jurisdiction to enter judgment in his favor. *See Gonzalez v. Greyhound Lines, Inc.*, 181 S.W.3d 386, 392–93 (Tex. App.—El Paso 2005, pet. denied) (holding plaintiffs lacked standing because they sued in their capacities as limited partners and not their individual capacities).

Flynn initially counters that the Texas court in which he filed the underlying lawsuit had dominant jurisdiction because the Texas lawsuit was filed before the California lawsuit was filed. It is well settled that, when a suit would be proper in more than one Texas county, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other courts and a plea in abatement is the proper form of relief. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974); *Crown Leasing Corp. v. Sims*, 92 S.W.3d 924, 926–27 (Tex. App.—Texarkana 2002, no pet.). While this is true for competing Texas cases, the mere pendency of an action in one state will not be a ground for abating a suit in another state between the same parties and involving the same subject matter. *In re BP Oil Supply Co.*, 317 S.W.3d 915, 918 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding); *Crown Leasing Corp.*, 92 S.W.3d at 927; *Space Master Int'l, Inc. v. Porta-Kamp Mfg. Co.*, 794 S.W.2d 944, 946 (Tex. App.—Houston [1st Dist.] 1990, no writ). Courts of sister states are considered foreign to each other, and a suit pending in another state

may not be pleaded in abatement of another suit involving the same subject matter brought in another state. *Crown Leasing Corp.*, 92 S.W.3d at 927; *see also In re BP Oil Supply, Inc.*, 317 S.W.3d at 919. "However, as a matter of comity, it is the custom for the second court to stay its proceeding until the first suit has been determined, or at least for a reasonable time." *Crown Leasing Corp.*, 92 S.W.3d at 927.

Because the concept of dominant jurisdiction is inapplicable to the instant case, Flynn's contention fails. Even if the concept of dominant jurisdiction was applicable, however, a violation of the rule of dominant jurisdiction is waived by a party's failure to raise the pendency of an earlier suit by a timely plea in abatement. *In re Sims*, 88 S.W.3d 297, 304 (Tex. App.—San Antonio 2002, orig. proceeding); *Starnes v. Holloway*, 779 S.W.2d 86, 95 (Tex. App.—Dallas 1989, writ denied). In this case, there is no evidence that Flynn sought an abatement in the California case based on the principle of comity or made the California court aware of the pending lawsuit in Texas.[1] Moreover, as previously noted, under the principle of comity, the second court would customarily stay its proceeding for a "reasonable" time. *Crown Leasing Corp.*, 92 S.W.3d at 927; *Space Master Int'l, Inc.*, 794 S.W.2d at 946. In this case, the underlying Texas cause was filed in August of 2006, but did not proceed to trial until October of 2009. It would have been within the California court's discretion to decide that three years is not a "reasonable" time for such a case to remain pending. Such a decision by the California court

---

[1] At the motion for new trial hearing, Dirksen's attorney stated that Flynn filed a response in the California lawsuit and was represented by counsel for a time period until counsel withdrew and Flynn "went pro se." *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (attorney's unsworn statements constitute evidence where no objection made to absence of oath).

would be bolstered by evidence that the Texas lawsuit had been set for dismissal for want of prosecution.[2]

Flynn next contends that the California judgment had not been properly domesticated; therefore, the Texas court was not required to recognize it. At the motion for new trial hearing, however, Dirksen's attorney stated that the original California judgment had been domesticated on October 31, 2008. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (attorney's unsworn statements constitute evidence where no objection made to absence of oath). Dirksen's attorney further stated that Flynn "received notice of that certification and filing and authentication of the judgment." The hearing referred to by Flynn's attorney in which the trial court denied Dirksen's motion related to the California nunc pro tunc judgment correcting Flynn's middle initial, not the original California judgment which had already been domesticated.

Because Flynn had been removed as trustee of the Trust by a court of competent jurisdiction in August of 2008, he did not have standing to pursue claims as trustee in October of 2009 or to recover a judgment in that capacity. Accordingly, the trial court was without jurisdiction to enter the judgment in the underlying cause.

## CONCLUSION

Because the trial court lacked subject matter jurisdiction to enter the judgment in the underlying cause, the judgment is reversed, and the cause is dismissed.

Rebecca Simmons, Justice

---

[2] At the motion for new trial hearing, Dirksen's attorney stated that the cause was set for dismissal in July of 2009. *See Banda*, 955 S.W.2d at 272. Although a docket sheet entry showed the dismissal setting was dropped because a trial setting for October 12, 2009 was obtained, no notice of the trial setting was sent, and the docket continued to show a dismissal setting for February 2, 2010. *See id.*